MATTER OF LEJMAN

In Section 212(e) Proceedings

A-13382356

*Decided by Regional Commissioner August 7, 1969*

An exchange visitor is granted a waiver of the foreign residence require-
ment of section 212(e) of the Immigration and Nationality Act of 1952, as
amended, since compliance therewith would result in exceptional hardship
to his United States citizen child where applicant and his family, because
of applicant's Jewish background, would be subject to social and economic
persecution in the country to which they must depart (Poland).

ON BEHALF OF APPELLANT:    Donald L. Ungar, Esquire
                          517 Washington Street
                          San Francisco, California 94111

This case comes before the Regional Commissioner on appeal
from the decision of the District Director San Francisco, who on
June 20, 1969, denied the application in that the appellant had
not established that compliance with the two-year foreign resi-
dence requirement of section 212(e) of the Immigration and Na-
tionality Act, as amended, would impose exceptional hardship of
his minor United States citizen child.

The appellant is a 26-year-old married male, a native and citi-
zen of Poland who was admitted to the United States as an ex-
change visitor under section 101(a)(15)(J) of the Act on Octo-
ber 6, 1965, and received extensions of stay in that status to June
30, 1968. He was sponsored by the Department of State under
Exchange Program G–I–1 destined to the University of Califor-
nia for graduate study in English and English Literature. He has
earned a Master's degree and is presently working for his Ph.D.,
which he expects in 1970. He is on a University of California Re-
gents Fellowship Grant of $2,666.66 a year; he works as a library
assistant earning approximately $120.00 a month and helps man-
age the apartment house where he lives, for which he receives a
reduced monthly rental. The appellant's wife, age 28, also a na-
tive and citizen of Poland, was admitted as a visitor on July 3,

1966 and following their marriage on August 31, 1966, in Berkeley, was changed to "J-2" status as the wife of a "J-1" principal exchange alien on November 17, 1966, and granted extensions of stay in that status to June 30, 1968.

The appellant and his wife have a United States citizen child, born July 23, 1967, in Oakland, California. Evidence of their lawful marriage and the birth of the child has been presented. The family lives in Berkeley, California. The present application was filed January 22, 1969, and alleges that compliance with the two-year foreign residence requirement would impose exceptional hardship on the minor citizen child.

Section 212(e) of the Act, in pertinent part, provides as follows:

That upon favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest.

The appellant alleges that if he is required to depart from the United States and go to Poland, he, his wife and child would be subject to persecution because of his Jewish background. His father, who is one-half Hebrew, was held in a concentration camp during the last world war, which contributed to his broken health, and is now retired. His mother, who is one-fourth Hebrew, manages a small government-owned store. They live in Poland. The appellant alleges that the present anti-Semitism practiced by the Polish government and condoned by the majority of the population constitutes social and economic persecution which would impose exceptional hardship on himself, his wife and child.

In support of his contentions of anticipated persecution, he has presented various newspaper articles from United States newspapers which verify his claim that the people of Jewish background are subject to social and economic persecution in Poland. A New York Times article dated December 30, 1968, under the heading "Leaving or Staying, the Jews of Poland Find the Road Hard", illustrates numerous incidents of the persecution of people of Jewish background and states: "Rarely in its long history in Eastern Europe has indigenous anti-Semitism been so blatantly well-organized as in Poland this year."

A San Francisco Chronicle article dated April 22, 1969, under

the heading "Forced Emigration" also describes incidents of persecution of Jews in Poland and contains the statement: "Polish citizens of Jewish origin who are no longer welcome in their homeland are crowding the refugee camps of———."

Counsel in his appeal, describes an article from "New Republic" dated January 18, 1969, where it tells the story of how a young journalist was forced from the Communist Party, forced from his job, and finally from Poland itself because of the Jewish ancestry he scarcely remembered. That he had a non-Jewish wife and children made no difference to the Polish authorities.

Counsel also quotes from the comments of Congressman Feighan regarding the *Matter of Kovac* v. *Immigration and Naturalization Service*, 407 F. 2d 102, where the Congressman said "Techniques of persecution are not limited to bodily violence alone, tyranny over the mind and spirit of a person has been demonstrated as more fearsome than the ancient methods of torture which characterized the Communist takeover of many countries of Central and East Eueope."

The record also contains a letter dated March 26, 1969, to the District Director San Francisco from the Chief, Field Operations Division, Visa Division, Department of State, which in part states:

Despite the general policy of the Department of State to insist that exchange visitors, especially those receiving State Department grants, fulfill the two year foreign resident requirement, the circumstances in this case appear to justify an exception. The fact that Mr. Lejman's coming to the United States in 1965 was privately arranged minimizes any negative effect his adjustment to immigrant status would have on the present exchange program, and the welfare of his American citizen child is also important consideration supporting the waiver application.

The Department of State, would, therefore, interpose no objection to favorable action in Section 212(e) waiver applications submitted by the Lejmans.

The appellant alleges that the unavailability of employment, because of persecution, to adequately support his family coupled with the fact that his family would be ostracized from social life would constitute exceptional hardship and that he did not want his daughter to grow up in an anti-Semitic environment and Communist dominated society. The *Matter of Cruikshank*, 11 I. & N. Dec. 558, holds that persecution because of nationality and religion establishes exceptional hardship and the *Matter of Courpas*, 11 I. & N. Dec. 647, holds that economic discrimination also establishes exceptional hardship.

In view of the foregoing, it is found that the appellant's com-

pliance with the foreign residence requirement of section 212(e) of the Act would impose exceptional hardship upon his United States citizen child. The case will therefore be remanded to the District Director, San Francisco, to prepare an appropriate letter for submission to the Chief, Facilitative Services Division, Bureau of Educational and Cultural Affairs, Department of State, requesting the recommendation of the Secretary of State.

**ORDER:** It is ordered that the case be remanded to the District Director in line with the above.